IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

    vs.                              Criminal Actions 2:14-cr-249;
                                            2:14-cr-277; 2:15-cr-007;
                                            2:15-cr-009; 2:15-cr-010
WILLIAM J. McBRIDE, Jr.             Judge Graham


**REPORT AND RECOMMENDATION**

       The United States of America and defendant Williams J. McBride, Jr., entered into a plea agreement whereby defendant agreed to enter a plea of guilty to six (6) counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), charged in five (5) *Bills of Information,* each arising out of events alleged to have occurred in different judicial districts.[1]  On February 2, 2015, defendant, accompanied by his counsel, appeared for a guilty plea proceeding.  Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge.  *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996). Defendant also waived his right to an indictment in open court and after being advised of the nature of the charge and of his rights. *See* Fed. R. Crim P. 7(b).

---

[1] Defendant entered pleas of guilty to *Informations* in five (5) separate cases, each charging him with armed bank robbery in different judicial districts. *United States of America v. William J. McBride, Jr.,* 2:14-cr-249 (1 count; S.D. Ohio);  *United States of America v. William J. McBride, Jr.*, 2:14-cr-277 (1 count; S.D. Ind.); *United States of America v. William J. McBride, Jr.,* 2:15-cr-007 (1 count; N.D. W.Va.); *United States of America v. William J. McBride, Jr.*, 2:15-cr-009 (2 counts; E.D. Ky.); *United States of America v. William J. McBride, Jr.*, 2:15-cr-010 (1 count; W.D.Ky.).

1

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges returned in the *Informations* and the consequences of his pleas.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary.  Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on January 12, 2015 represents the only promises made by anyone regarding the charges in the *Informations*.  Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty pleas.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charges.  He confirmed that he is pleading guilty to the *Informations* because he is in fact guilty of the offenses charged in the *Informations.*  The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to the *Informations* areknowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant's guilty pleas to the *Informations* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 2, 2015                 *s/ Norah McCann King*
Date                                     Norah M$^c$Cann King
                                           United States Magistrate Judge